William L. Mauk (ISB No. 1825)
Joseph C. Miller (ISB No. 7485)
MAUK MILLER & HAWKINS, PLLC
515 S. 6th St.
Boise, ID  83702
Tel:     (208) 287-8787
Fax:     (208) 287-8788
e-mail:  office@idahojustice.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY LAW,<br><br>      Plaintiff,<br><br>vs.<br><br>ANDERSEN MANUFACTURING, INC.<br>an Idaho Corporation,<br><br>      Defendant. | Case No.<br><br>**CIVIL COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff AMY LAW, by and through her attorneys of record, William L. Mauk and Joseph C. Miller, of the firm MAUK MILLER & HAWKINS, PLLC, and complains and alleges as follows:

## NATURE OF CLAIM

1. This is an action for equitable and legal relief and monetary damages brought by Plaintiff against Defendant, her former employer.  Plaintiff seeks redress for the following wrongs done to her by Defendants: wrongful termination; breach of implied contract; breach of good faith and fair dealing; and illegal discrimination on the basis of her sex and her religion in violation of the Idaho Human Rights Act, Idaho Code §§ 67-5901, *et.seq.* ("IHRA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et.seq.* ("Title VII"), all in violation of public policy.

**CIVIL COMPLAINT AND DEMAND FOR TRIAL - 1 of 8**

## PARTIES

2. Plaintiff at all times relevant hereto was, and is now, an adult female citizen of the United States and a resident of the State of Idaho, residing in Idaho Falls, Bonneville County.

3. At the time this action accrued Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 2000e(f) and a person subject to the protections of the IHRA.

4. Defendant is now, and at all times relevant hereto was, a business incorporated, organized and operating under the laws of the State of Idaho.

5. Defendants maintain their principal places of business and employment records relevant to this action in this judicial district.

6. At the time this action accrued, Defendant was Plaintiff's employer within the meaning of 42 U.S.C. § 2000e(b) and Idaho Code § 67-5902(6).

7. All wrongful acts and omissions attributable to the individuals named or referenced herein are imputable to and the legal responsibility of the Defendants under principles of agency, *respondeat superior*, and federal and state law authorizing imputation of such responsibility.

## JURISDICTION AND VENUE

8. The unlawful employment practices alleged herein were committed in this judicial district during the period Plaintiff was employed by and worked for Defendant in this judicial district.

9. Jurisdiction is conferred on this court pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5(f), as well as 28 U.S.C. § 1331 pertaining to civil actions arising under the laws of the United States and 28 U.S.C. § 1343 pertaining to the deprivation of civil rights. This court also has pendent jurisdiction over Plaintiff's claims founded upon the laws of the State of Idaho.

10. Venue is proper in this court pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1391.

## EXHAUSTION OF REMEDIES AND AUTHORIZATION FOR SUIT

11. With respect to the claims and causes of action for sex and religious discrimination and retaliation alleged herein, Plaintiff has exhausted all administrative remedies and complied with all conditions precedent required by applicable federal and

state laws prior to commencement of this action.

12. In March, 2017, Plaintiff filed a formal charge of sex and religious discrimination and retaliation against Defendant with the Idaho Human Rights Commission (IHRC) and the Equal Employment Opportunity Commission (EEOC).

13. The IHRC conducted an independent investigation into Plaintiff's charge of discrimination.

14. On June 30, 2017, the IHRC issued a report and Notice of Right to Sue to Plaintiff, authorizing her to file suit within 90 days of her receipt of said Notice.

15. On July 24, 2017, the EEOC issued a separate Notice of Right to Sue to Plaintiff, authorizing her to file suit within 90 days of her receipt of said Notice.

## STATEMENT OF FACTS

16. Plaintiff began working for Defendant in October, 2010, as the sales representative for Defendant's trailer hitch division for the Alaska and Canada territories.

17. The president of Defendant Andersen Manufacturing, Inc., and Plaintiff's supervisor, is Ryan B. Andersen. Mr. Andersen is also Plaintiff's brother-in-law, married to Plaintiff's sister, Jennifer Andersen.

18. While Plaintiff was employed by Defendant, she was the only female sales representative. Defendant employs several male sales representatives.

19. During Plaintiff's employ, Mr. Andersen allowed the male sales representatives to hire and fire their own sales assistants, allowing them to increase their sales. However, Mr. Andersen did not allow Plaintiff to hire and fire her own sales assistants. This disparate treatment had an adverse effect on Plaintiff's sales.

20. In the middle of 2016, Jennifer Andersen told Plaintiff that she was having some trouble in her marriage and had feelings for another man. Plaintiff told her sister she understood and that she supported her sister. She told Ms. Andersen that she had also been having trouble in her own marriage for several years and that she and her husband were considering divorce.

21. In August, 2016, and soon after sharing this impending divorce information with Ms. Andersen, Mr. Andersen took away a large portion of Plaintiff's sales territory, further hurting her sales. This was in effect a demotion and pay decrease. He also required Plaintiff to work in the office between 8:00 am and 5:00 pm,

**CIVIL COMPLAINT AND DEMAND FOR TRIAL - 3 of 8**

unlike the male sales representatives who were allowed the freedom to work when and where they pleased.

22. After becoming aware that Plaintiff was planning on divorcing her husband, Mr. Andersen lectured Plaintiff many times about living up to her "standards" and "obligations" as a member of The Church of Jesus Christ of Latter-day Saints (LDS). Mr. Andersen, who is also a member of the LDS Church, felt like Plaintiff was becoming less "active" in her faith and tried to correct her behavior in his position as her supervisor.

23. Mr. Andersen never lectured other employees of other faiths or religions on living up to their religious standards or obligations, nor try and correct their religious behavior using his position. Mr. Andersen singled Plaintiff out for such treatment because of her membership in the LDS Church.

24. In September, 2016, Mr. Andersen fired Plaintiff because she was planning to divorce her husband. Mr. Andersen was afraid that Plaintiff's divorce might further weaken his own marriage by putting ideas of divorce in his wife's mind. He wanted to send a message to his own wife about what he could and would do to her if she divorced him so after taking away her sales territory and confining her to the office, he fired her.

25. Plaintiff knows of at least one male employee of Defendant who got a divorce while Plaintiff worked there who was not demoted or fired, like Plaintiff was.

26. Plaintiff knows of at least one non-denominational Christian who got a divorce while Plaintiff worked there who was not demoted or fired, like Plaintiff was.

27. After being fired, Plaintiff filed a complaint with the Idaho Human Rights Commission (IHRC) alleging sex and religious discrimination. In March, 2017, the IHRC opened up an investigation into her allegations.

28. On May 8, 2017, while the IHRC investigation was ongoing, Defendant filed a lawsuit against Plaintiff alleging, among other things, breach of contract, fraud, unjust enrichment and conversion.

## INCORPORATION

29. Plaintiff incorporates paragraphs 1 through 29 of this complaint in each of the claims for relief stated below.

## COUNT I

## BREACH OF CONTRACT

### (Including Breach of the Covenant of Good Faith and Fair Dealing)

30. During the course of Plaintiff's employment, Defendant promised her job security, which was contractual in nature, including Defendant's investment in training Plaintiff as a sales representative and Defendant's repeated communications to Plaintiff during her employment regarding how happy they were with her performance. Plaintiff detrimentally relied on Defendants' promises by not seeking other employment.

31. Defendant's termination of Plaintiff's employment constituted a breach of contract, including a breach of the covenant of good faith and fair dealing, causing damages to Plaintiff in such amounts as will be proven at trial.

## COUNT II

## ILLEGAL SEX DISCRIMINATION – TITLE VII

32. Defendants are entities subject to the provisions of Title VII.

33. Plaintiff's work performance for Defendant was at least satisfactory.

34. Mr. Andersen's conduct in taking away Plaintiff's sales territory, confining her to the office, and terminating Plaintiff due to her impending divorce constituted an illegal discrimination against her based on her sex, all of which is in violation of Title VII.

35. Said violations caused Plaintiff damages in an amount that will be proven at trial.

## COUNT III

## ILLEGAL RELIGIOUS DISCRIMINATION – TITLE VII

36. Defendants are entities subject to the provisions of Title VII.

37. Plaintiff's work performance for Defendant was at least satisfactory.

38. Mr. Andersen's conduct in seeking to correct her religious behavior using his position as her supervisor, and terminating Plaintiff due to her impending divorce constituted an illegal discrimination against her based on her religion, all of which is in violation of Title VII.

39. Said violations caused Plaintiff damages in an amount that will be proven at trial.

## COUNT IV

### ILLEGAL SEX DISCRIMINATION – IHRA

40. Defendants are entities subject to the provisions of the IHRA.

41. Plaintiff's work performance for Defendants was at least satisfactory.

42. Mr. Andersen's conduct in taking away Plaintiff's sales territory, confining her to the office, and terminating Plaintiff due to her impending divorce constituted an illegal discrimination against her based on her sex, all of which is in violation of the IHRA.

43. Said violations caused Plaintiff damages in an amount that will be proven at trial.

## COUNT V

### ILLEGAL RELIGIOUS DISCRIMINATION – IHRA

44. Defendants are entities subject to the provisions of Title VII.

45. Plaintiff's work performance for Defendant was at least satisfactory.

46. Mr. Andersen's conduct in seeking to correct her religious behavior using his position as her supervisor, and terminating Plaintiff due to her impending divorce constituted an illegal discrimination against her based on her religion, all of which is in violation of Title VII.

47. Said violations caused Plaintiff damages in an amount that will be proven at trial.

## DAMAGES

48. The following allegations are incorporated by reference as part of each count, claim and cause of action stated in this complaint and any amendment thereto.

49. As the direct and proximate cause of Defendant's discriminatory and other unlawful conduct, Plaintiff has suffered, and unless and until this court grants relief, will continue to suffer substantial monetary damage, mental anguish and other loss, tangible and intangible, economic and compensatory, in an amount not less than $100,000, for which she seeks full recovery, all and part.

50. Among other things, Plaintiff seeks recoveries and relief, as allowed by law, for the following:

    a. Loss of her job;

    b. Back pay, front pay, and income loss;

  c. Lost employment benefits of every character;

  d. Emotional distress, anxiety, and mental anguish;

  e. Loss of reputation; and

  f. Disruption of her career.

51. The conduct of Defendants described herein was willful, intentional, knowing, malicious, reckless, and in extreme deviation from appropriate and acceptable standards, thereby entitling Plaintiff to awards of exemplary, punitive, and liquidated damages, as allowed by law. To the extent required by applicable law, Plaintiff reserves her right to amend this complaint to add a prayer for punitive damages, pursuant to Idaho Code, Section 6-1604.

## EQUITABLE RELIEF

52. The facts and circumstances giving rise to this action, and the conduct which is threatened to occur in the future justifies this court in granting appropriate equitable relief, pursuant to 42 U.S.C. § 2000e-5(g) and the IHRA.

53. In certain respects, Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, insofar as it seeks injunctive relief, is the only mean of securing full and adequate relief.

## ATTORNEY FEES

54. As a consequence of the claims stated herein, Plaintiff has been required to retain the firm of Mauk Miller & Burgoyne, LLC, to prosecute this action, and has incurred, and will continue to incur, attorney fees and costs. Pursuant to Title VII, the Civil Rights Attorney Fees Award Act of 1976, 42 U.S.C. § 1988, Idaho Code § 12-120(3), Rule 54 F.R.C.P., and all other comparable provisions of the laws of the United States and Idaho affording such awards, Plaintiff is entitled to an award of her attorney fees and costs incurred in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court enter judgment in her favor and order that Defendants compensate Plaintiff in a dollar amount to be proven at trial for the following damages:

1. For all her actual economic losses and damages, past and future, including back pay, front pay, income loss and benefit loss in the minimum amount of $100,000, or such greater amount as shall be proven at trial;

2.  For general and compensatory losses and damages in the minimum amount of $100,000, or such greater amount as shall be proven at trial;

3.  For additional equitable relief, including ordering Defendants to take affirmative action as this court deems appropriate based on the proof at trial or at a proper post-judgment hearing regarding such relief;

4.  For an award of all Plaintiff's costs and reasonable attorneys' fees incurred in prosecuting this action and in all proceedings related thereto; and

5.  For such other relief as the court may deem proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by a jury of twelve persons on each of the claims made in this complaint, pursuant to Rule 38, F.R.C.P.

DATED this 12th day of October, 2017.

MAUK MILLER & HAWKINS, PLLC

_____
Joseph C. Miller
Attorney for Plaintiff